On Rehearing.
Ldsley, J.
A rehearing having been granted in this case, we have again directed our attention to the following disposition or bequest in the last will and testament of Charles D. Yancey, in order to ascertain if it is null and void, as containing a substitution or fidei-commissum.
The bequest is as follows:
“I give and bequeath to my wife the further sum of ten thousand dollars, which I desire her to use for the benefit of her brothers and sisters, Eugene, Louise, Mathildé, and Louis H. Malarcher, according to her best judgment and discretion, which is to be paid after the discharge of the debts; and provided further, the same shall not exceed the full amount coming to the heirs and children of Robert S. Yancey. ”
The testator, by the disposition just recited, gives and bequeaths to his wife, to be paid to her absolutely, after the discharge of the debts, ten thousand dollars, provided this sum does not exceed the amount coming to the heirs and children of Robert S. Yancey.
He desires her to use the money for the benefit of her brothers and sisters, but she has the absolute disposal of it and may spend the money donated. 13 An. 122-8; 17 An. 231.
This lacks every feature of a substitution. It whs held in Beaulieu v. Ternoir, “it is an essential requisite of a substitution that the thing given be tied up in the hands of the first recipient during his natural life.”
II faut, says Marcadé, vol. 3, p. 368 $11, qu’il y ait substitution, que le bénéficiare soit vraiment obligé par l’acte:
18 De conserver la chose donnée;
2s De la conserver jusqu’á sa mort;
32 Pour la rendre a une persono e désignée.
C. O. 1507; 5 Toull. No. 27; Rogron, Art. 896. Trop. Donations and Testaments, No. 10, Pecquet v. Pecquet, 17 An. 230; 4 An. 204.
The desire or request of the testator, Charles D. Yancey, is simply addressed to the conscience of the devisee. 8 An. 259; 10 An. 417; 5 Toull. Don. et Test. 111, 117; Cass. 1856, p. 557; Story’s Equity, 1069, 1070; 5 Zacharie, 248, 249, note 17. Siry C. annoté, Art. 896, Nos. 2, 3 and 4.
We do not consider the bequest a trust; but if it were ono, it would bo at most a simple fidei-commissum, which, though a nullity, would not carry with it the nullity of the donation to the testator’s wife. See 5 An. 481.
*165 By agreement of parties, this is the only question submitted to us in this ease for solution, and although the conclusions we have now reached differs from that previously arrived at, we deem it the correct one.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that judgment be and the same is hereby rendered in favor of Edward Jacob, administrator of the succession of Mrs. Feliece Malarcher, deceased widow of Charles D. Yancey, and against Thomas L. Macon, executor of the last will and testament of Charles D. Yancey, predeceased, for the sum of ten thousand dollars, amount of the legacy to Feliece Malarcher, the wife of Charles D. Yancey, made to her in his last will and testament, and that the said succession of Charles D. Yancey pay the costs in both courts.